Jeffery R. Price (06315)
JEFFERY R. PRICE, P.C.
480 W. Century Drive
Murray, Utah 84123
Telephone: (903) 253-7823
Facsimile: (801) 265-1018
E-mail: jeff@bostwickprice.com

*Attorneys for Plaintiff BROADWAY/BENCH, LLC.*

---

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| BROADWAY/BENCH, LLC. a Utah limited liability company | ) ) ) | **MEMORANDUM IN SUPPORT OF MOTION TO REMAND TO UTAH STATE COURT AND FOR EXPEDITED RELIEF** |
| Plaintiff, | ) ) ) | |
| -vs.- | ) ) | |
| CITYWIDE HOME LOANS, a Utah corporation; STEVE GOORMAN, an individual; STEVE GOORMAN, Trustee of the Jacqueline G. Stice Living Trust, JAMES  L. STICE, Trustee of the James L. Stice  Living Trust; AMERICAN PENSION SERVICES, INC., a Utah Corporation; and JOSHUA METTLE, an individual, and DANIEL BYER, an individual, | ) ) ) ) ) ) ) ) ) ) ) | Civil No. 2:10-cv-00460 (CW)  Judge: Clark Waddoups |
| Defendants. | ) ) | JURY TRIAL DEMANDED |

---

Plaintiff BROADWAY/BENCH, LLC., acting by and through its attorneys of record, and under 28 U.S.C. §1447© , hereby submits the following Memorandum in support of its Motion to Remand to Utah State Court filed and served concurrently herewith.

### Background

This case arises from a dispute concerning two condominium properties located in Salt Lake County, Utah, against which certain of the defendants assert a security interest and Deed of Trust.  This case was originally commenced in the Third Judicial District Court in and for Salt Lake County, State of Utah, Civil No. 100903377, Judge John Paul Kennedy.  This case was

timely removed to this court by defendants on or about May 14, 2010.

At the time of the removal there was pending a case in the United States Bankruptcy Court for the District of Utah, encaptioned, *In re. Glacier View, LLC*, Bankruptcy case no. 09-30384 JAB.  In removing the case to this court, defendants asserted that this court had original jurisdiction under 28 U.S.C. §1331, and 1334(c)(1) because in the complaint plaintiff seek remedies which may effect the title to the two condominium properties which were subject to the jurisdiction of the bankruptcy court.  The Bankruptcy Court issued an order dated August 18, 2010, dismissing the bankruptcy case in its entirety. **(Ex. "A")**

<u>Argument</u>

**1.     This Court is without jurisdiction such that the case should be remanded back to the Utah state court.**

The claims as set forth in the pleadings arise wholly under state law.  Because the bankruptcy case has been dismissed, the basis for this court's jurisdiction over the subject matter of this case, as asserted by the defendants, has been completely extinguished.  Because this court has no continuing subject matter jurisdiction this case should remanded back to the Utah state court for further proceedings and disposition.

**2.     Expedited relief by this Court is appropriate under the circumstances of this case.**

There is not dispute among the parties relating to the remand of this case back to the Utah state court.  Following the dismissal of the bankruptcy case, counsel for the parties agreed that plaintiff's counsel would prepare and circulate a stipulation to remand this case back to the state court for the reasons stated in the present motion.  Plaintiff's counsel prepared and circulated a proposed stipulation to the removing parties' counsel as agreed on August 24, 2010. **(Ex. "B")** Thereafter there has been no response from defense counsel to the proposed stipulation notwithstanding a follow up oral conversation by phone that it would be addressed, "within a couple of days" –  now weeks ago.

In the meantime, defendants are seeking to foreclose the two condominium properties under their asserted Deeds of Trust. **(Ex. "C")** Defendants, by delaying response on their requested stipulation, are essentially seeking to deprive the plaintiff of an opportunity to challenge that attempt to foreclose by holding this case hostage in this court so that plaintiff has no place to seek appropriate relief. The failure to follow through on the stipulation is in appropriate under the circumstances of this case. Under the circumstances, time is of the essence, and an expedited ruling on this matter, including a shortening of the time for defendants to respond is requested, and is appropriate to avoid undue harm or prejudice to the plaintiff under these circumstances.

**WHEREFORE**, plaintiff BROADWAY/BENCH, LLC, hereby requests the court to issue an order to remand this case back to the Utah state court, and together with all further relief the court deems just and appropriate under the circumstances of this case.

DATED this 15th day of September, 2010.

JEFFERY R. PRICE, P.C.

By:_____/s/_____
     Jeffery R. Price

*Attorneys for Plaintiff*

-3-

## Certificate of Service

I hereby certify that on September 15, 2010,  a true and correct copy of the foregoing was served upon counsel for defendants other than Daniel Byer by electronic mail through the court's electronic filing system upon the following:

Cameron Hancock, Esq.
Peggy Hunt, Esq.
Nathan Seim, Esq.
DORSEY & WHITNEY, LLP
136 South Main Street, Suite 1000
Salt Lake City, Utah 84101-1655

And by U.S. Mail, first-class postage prepaid and correctly addressed to the following:

Daniel Byer
1170 So. Center Street
Midway, Utah 84049

**JEFFERY R. PRICE, P.C.**


_____/s/_____
Jeffery R. Price

*Attorneys for Plaintiff*

-4-